ROTHSCHILD, J., Concurring and Dissenting.
I agree that plaintiffs have not adequately alleged how they were harmed by defendants’ disclosures about the fill dirt, so I agree that the demurrer was properly sustained as to all claims arising from that conduct. I disagree about the timeliness of the remaining claims, all of which relate to the settlement of the Northridge earthquake litigation (the Allegro Matter) in 1997. I would affirm the judgment in its entirety, and I therefore respectfully dissent in part.
Defendants were plaintiffs’ lawyers, and all of plaintiffs’ claims concerning the settlement of the Allegro Matter arise from defendants’ performance of professional services for plaintiffs. Those claims are consequently subject to the statute of limitations defined by subdivision (a) of Code of Civil Procedure section 340.6, which provides that, apart from cases of “actual fraud,” the action must “be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.” Plaintiffs filed suit more than 14 years after the (alleged) wrongful act of omission, so their claims are untimely unless they are based on “actual fraud.” (Code Civ. Proc., § 340.6, subd. (a).)
In my view, plaintiffs have not sufficiently alleged actual fraud. They claim that defendants did not give them their full share of the settlement proceeds in the Allegro Matter, but plaintiffs admit that their sole basis for that claim is the following: (1) defendants settled the Allegro Matter for “over $100 [m]illion for about 93 families”; (2) in or about November 1997, defendants distributed $500,000 to plaintiffs, and defendants informed plaintiffs that they (defendants) retained one-third of the proceeds of the settlement of plaintiffs’ claims as their fee, pursuant to the contingent fee agreement between plaintiffs and defendants; (3) in or about March 2012, plaintiffs learned that 17 of the plaintiff families in the Allegro Matter received, on average, *1139 $467,441 from the settlement, which would yield a total of $43,472,029 for 93 families; (4) plaintiffs calculated that, assuming a one-third contingent fee for all 93 families and a total settlement of $100 million, payment of $43,472,029 in settlement proceeds to the 93 families would leave over $22 million of the settlement proceeds “unaccounted.” Plaintiffs infer from these calculations that defendants defrauded them by withholding settlement funds to which plaintiffs were entitled.
Plaintiffs’ theory is entirely speculative. Plaintiffs do not allege, and I do not discern, any basis for believing that the 17 families included in their calculations are representative of the 93 families included in the settlement. Rather, plaintiffs allege only that it is “fair to assume the variation in the distribution among all plaintiffs should be within [a] few thousands per family” and “it is fair to assume that most properties [included in the settlement] are in similar category and condition in many aspects.” Plaintiffs’ groundless assumptions do not constitute sufficient allegations of fraud. Further, plaintiffs do not even allege the amount of damages that they sought to recover in the Allegro Matter. Thus they have not sufficiently alleged damages either.
Given that plaintiffs admit that they have no basis for their fraud claim other than what is alleged in their pleadings, and given that an inference of fraud based on plaintiffs’ allegations would be pure speculation, I conclude that plaintiffs have not adequately alleged fraud. Their claims are therefore untimely under Code of Civil Procedure section 340.6.
A petition for a rehearing was denied February 27, 2014, and the opinion was modified to read as printed above. Rothschild, L, was of the opinion that the petition should be granted.